**People of the State of Illinois, Plaintiff-Appellee, v. John Teague, Defendant-Appellant.**

Gen. No. 50,051.

First District, First Division.

January 7, 1966.

Lael F. Johnson and Raymond, Mayer, Jenner & Block, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, John Teague, was charged in separate indictments with the offenses of rape and robbery. After a jury trial, he was found guilty and sentenced to a term of not less than thirty nor more than sixty years in the penitentiary. On this appeal, he seeks a reversal of his convictions on the grounds that the indictments did not specify the time and place of the offenses with the degree of definiteness required by statute, and therefore did not properly state the offenses of rape and robbery. In the alternative, he seeks a new trial, contending primarily that the misconduct of the prosecutor and the admission of improper evidence deprived him of a fair trial.

The sequence of events which comprised the offenses, according to the testimony of the complaining witness, was as follows: On the date in question, December 30, 1963, she was twenty years of age, married and employed. At 5:50 a. m. that morning, she left her mother's apartment in a Chicago Housing Authority Building at 4947 South Federal Street to report for work. When she entered the elevator on the eleventh floor, there was one man inside, facing the door as she entered. She said, "Good morning" to him, but received no reply. She punched the first floor button, and he punched the fifth floor button. When the elevator reached the fifth floor, he said to her, "This is a stickup. Don't make a sound or I will shoot you." Keeping his left hand concealed within his jacket pocket, he forced her into the

deserted laundry room on the fifth floor, where he raped her and took her watch and some money from her purse. She said she observed her assailant on the elevator, as well as in the laundry room, and described his clothing. In the weeks which followed the incident, she identified the defendant as her assailant from photographs and at a lineup. At the trial, she identified a pair of boots and a leather jacket as having been worn by her assailant. A police officer later testified that he had taken these items from the defendant's closet and from the trunk of his car.

The defendant claimed that on December 30, 1963, he was visiting his mother in Momence, Illinois. He stated that he had been accompanied on that visit by his brother, James Teague, among others; and this testimony was corroborated by that of his brother.

█ In claiming that the indictments in this case were fatally defective, the defendant relies upon Ill Rev Stats 1963, c 38, § 111–3 (a) (4), which reads in relevant part as follows:

> Form of Charge. (a) A charge shall be in writing and allege the commission of an offense by. . . . (4) Stating the time and place of the offense as definitely as can be done. . . .

It is defendant's contention that at the time the indictments were returned the State was aware of the exact street address at which the offenses allegedly were committed, and the precise time of day at which they allegedly occurred. The indictments, however, state merely that the offenses were committed on December 30, 1963, at and within the County of Cook. The failure of the indictments to state the additional facts, it is urged, constitutes a violation of the foregoing statute, and defendant seeks a reversal of his convictions on these grounds.

This question was presented in People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173, and principal reliance is placed by the defendant upon the Appellate Court opinion in that case. The information in Blanchett was similar to the indictment here in that it only stated the date of the alleged offense, and the county in which it allegedly occurred. It was never denied by the State, however, that the exact address where the alleged offense occurred was known. The Appellate Court held that the information failed to comply with the statute, that the defendant's motion in arrest of judgment was wrongfully denied, and reversed the conviction.

But our Supreme Court recently reviewed the Blanchett decision, and reversed the finding of the Appellate Court. Docket #39232. The court pointed out that the former statutory provision had required only that the time and place of the offense be stated with reasonable certainty, Ill Rev Stats 1961, c 38, § 716. This language was held to be satisfied by an indictment stating that the offense was committed within a given county and on a given day (with certain exceptions not here relevant). The court then went on to hold that:

> In view of the expressed purpose of the Code to secure simplicity in procedure . . . we believe that the language in section 111–3 (a) (4) was not intended to change the former rule and require a more precise description of the time and place of the occurrence in order to charge an offense.

The information was then held sufficient in Blanchett, and the conviction reinstated. In our opinion, that holding is dispositive of this issue here.

In support of his allegation that he was denied a fair trial, defendant relies primarily upon the allegedly improper cross-examination of his brother, James Teague, and upon subsequent related remarks made by the prosecutor.

342

■ On direct examination, James Teague testified that he knew a girl at 4947 South Federal Street. On cross-examination he admitted that some time after December 30, 1963, he went to that address to talk to the complaining witness about the case pending against his brother. He testified that he went to the eleventh floor apartment of the complaining witness's mother, and after being told that the complaining witness was not at home he talked about the case with an elderly lady at that apartment. In the course of his testimony he was asked:

> Q. In fact, you went there and you wanted to talk to the lady to change her testimony, isn't that right?
> Mr. Brandvik [Defense counsel]: I will object, your Honor, I will object to that, that is highly improper.
> The Court: Strike it, no foundation.

When James Teague was asked why he went to see the complaining witness's mother, defense counsel interrupted, "In the first place there is nothing wrong with this witness going to see the complainant." After he had been questioned further about this visit, James Teague was again asked about the purpose of the visit, and defense counsel objected. The court overruled the objection, and the prosecutor then said, "I think it's proper. Intimidating witnesses." Defense counsel again objected, and moved for a mistrial, and the court denied his motion. When asked how he knew where the victim lived, James Teague said that his landlord knew her, and that his landlord had come to him and said, "James, you need at least $200 together and carry it right to me and I will carry it to the girl and guaranty." The witness said that he went over to see the complainant himself, instead.

The defendant argues that this line of questioning was highly improper and prejudicial, and that the trial

court committed reversible error in overruling his objections to it and in denying his motion for a mistrial.

In regard to the propriety of this line of cross-examination, the State has brought to our attention Illinois cases holding admissible evidence of the defendant's attempts to intimidate or induce witnesses to remain silent or testify falsely. See People v. Gambony, 402 Ill 74, 83 NE2d 321; People v. Spaulding, 309 Ill 292, 141 NE 196. But as the alleged intimidation in this case was by the defendant's brother, and no evidence was introduced to show the participation of the defendant himself, these decisions are not directly on point. The California case of People v. Alcalde, 24 Cal2d 177, 148 P2d 627, is very close on the facts to this case. There, the defendant was on trial for murder, and his father offered testimony which tended to establish an alibi for the defendant. On cross-examination, the father was questioned as to his alleged offer to pay two witnesses to corroborate the alibi by testifying, contrary to the fact, that they saw the defendant at a given place at a given time. This line of cross-examination was admitted over objection, and defendant challenged the ruling on appeal. The Supreme Court of California held:

> The ruling was not erroneous. A witness who has testified to material matters may be cross-examined as to his attempt to bribe other witnesses and it may be shown by other witnesses that he offered bribes to obtain false testimony. The father testified to a material matter which, if true, would tend to establish the defendant's alibi. The attempt to suborn witnesses, if proved, is material in weighing the testimony of the one guilty of the attempt. (148 P2d 627, 630).

See also 3 Wigmore on Evidence § 960 (3d Ed, 1940). We conclude that it was not an abuse of discretion for

the trial judge to allow this line of cross-examination of the defendant's alibi witness.

■ Defendant contends further that the accusations made by the prosecutor during his closing argument, which related to James Teague's visit, went far beyond the evidence in the case, and were highly prejudicial. But the record reveals that no objection was made by defense counsel during that argument. Defendant argues that these comments were so prejudicial that the convictions must be reversed despite the absence of objection, citing People v. Morgan, 20 Ill2d 437, 170 NE2d 529. The jury in the instant case was properly instructed, however, to disregard any statement of counsel not based upon the evidence, and not to be influenced by anything other than the law and the evidence in the case. Furthermore, our careful review of the record leads us to the conclusion that no other verdict of the jury would have been reasonably possible, People v. Courtney, 307 Ill 441, 138 NE 857.

■ Defendant argues that he was prejudiced by the wrongful admission of the testimony of two police officers to the effect that defendant made no mention of his alibi when he was first taken to the police station. No objection was made to this testimony at any time during the trial. In fact, the first mention of the defendant's silence at the police station was elicited by defense counsel on cross-examination of one of the police officers. Under these circumstances we conclude that the admission of this testimony could not be termed reversible error. People v. Bowlby, 51 Ill App2d 51, 201 NE2d 136; People v. Pompey, 53 Ill App2d 118, 203 NE2d 52.

In his closing argument to the jury, the Assistant State's Attorney said the following:

> I submit, ladies and gentlemen, she is not identifying a rash, she is identifying a face, a face that she

will never forget as long as she lives, a face that will be printed on her mind, and I hope that none of you ever have to go through what Mrs. Oliver went through or none of your wives or daughters or friends have to go through what Mrs. Oliver went through, but I submit to you that if any of you women have to go through this or if any of the wives of the men in this jury go through this, that woman is never going to forget the face of the man, especially with the opportunity she had, face to face in a lit laundry room, face to face in an elevator, face to face when he is searching her clothes, and then something that cannot be denied, the clothing, the clothing that she describes as found in the trunk of the car and in his home, the trunk of the car that he has the only key to, and it was locked in the trunk of that car.

Defendant argues that the prosecutor's hypothesizing a similar experience on the part of the women on the jury, or the wives of the men on the jury, or their daughters or friends, was intended to strip the jurors of their objectivity and in fact accomplished that goal. He contends that this remark alone was sufficient to deprive the defendant of a fair trial.

■ ■ The record reveals that no objections were made by defense counsel during the course of this argument; and under such circumstances, any contentions as to this line of argument must be deemed to have been waived. People v. Donald, 29 Ill2d 283, 194 NE2d 227; People v. Sinclair, 27 Ill2d 505, 190 NE2d 298. A review of the prosecutor's argument satisfies us that it did not exceed the bounds of fair argument. We find nothing in the argument sufficient to require reversal. People v. Wright, 30 Ill2d 519, 198 NE2d 316.

Defendant's final two contentions are that certain testimony elicited by the prosecutor implied to the jury

that the defendant had been arrested for other crimes, and that he was living with a woman without the benefit of marriage ties. We have examined the record carefully on these questions, and have concluded that they do not merit a detailed discussion here.

The defendant received a fair trial, and the judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.