(No. 40836.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN TEAGUE, Appellant.

*Opinion filed November 22, 1968.*

RICHARD M. HIRSCH, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and HOWARD LEVINE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In July of 1964, a jury in the circuit court of Cook County found the defendant, John Teague, guilty of rape and robbery, and he was sentenced to imprisonment for a term of 30 to 60 years on the charge of rape and for a

concurrent term of five to ten years on the charge of rob-
bery. His conviction was affirmed by the appellate court.
66 Ill. App. 2d 338.

On September 1, 1966, he filed a petition under the
Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, chap.
38, par. 122—1 through 122—7), in which he alleged that
his constitutional rights were violated because evidence il-
legally seized was admitted in evidence against him, and
because the attorney appointed to defend him did not com-
petently represent him. The petition further alleged that the
defendant was a poor person, and the Public Defender of
Cook County was appointed to represent him in the post-
conviction proceeding. The State moved to dismiss the
petition on the grounds that it failed to raise any constitu-
tional question and that the previous appeal foreclosed
consideration of any questions which were presented, or
could have been presented, on that appeal. The motion to
dismiss was granted, and the defendant appeals.

The only significant problem in the case centers upon
the admission into evidence of a leather jacket and army
boots which were identified by the prosecutrix as those
worn by her assailant when the offenses were committed.
The post-conviction petition alleges that the defendant's
constitutional rights were violated when the court "ad-
mitted in evidence certain exhibits, to wit, one pair of
brown army boots and brown leather jacket, which a police
officer, Henry Kaminski, of the City of Chicago in said
County, without warrant and without petitioner's consent,
claimed to have been taken (sic) from the petitioner's home
and car." There was no objection at the trial to the ad-
missibility of these exhibits, and no issue as to their ad-
missibility was raised in the appellate court. The defendant
now asserts that competent representation upon his trial
would have resulted in the exclusion of these exhibits.

In the trial court the State met this objection by re-
peated assertions that the objection was waived since the

defendant was represented by counsel of his own choice. These assertions were not challenged by the assistant public defender who appeared for the defendant. In this court the State concedes that the defendant was represented at his trial by appointed counsel, but now takes the position that since the judge who heard the post-conviction petition was the judge before whom the defendant was tried, he was undoubtedly aware of the relationship that existed between the defendant and the attorney who represented him at his trial.

We are unable to accept this argument. The trial took place in July of 1964 and the hearing upon the post-conviction petition occurred almost three years later on March 8, 1967. Nor can we agree that the defendant's contention as to the alleged error in admitting the evidence was waived because it was not raised upon his appeal to the appellate court. Since no objection had been made at the trial, the contention that this evidence was improperly admitted could not have been advanced by the appointed attorney who represented the defendant upon his appeal to the appellate court.

Upon this record we express no opinion as to the merits of the defendant's post-conviction petition. We hold, however, that he is entitled to a hearing at which the trial judge may be fully apprised as to the defendant's representation at his trial, and as to the admissibility of the challenged evidence and its significance. The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.