THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE PITTS, Defendant-Appellant.

(No. 54629;

First District—August 19, 1971.

*Rehearing denied September 16, 1971.*

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant, Eddie Pitts, was convicted by a jury of the unlawful sale of the narcotic drug, heroin, in violation of Ill. Rev. Stat. 1969, ch. 38, par. 22—3, and sentenced to from ten to twelve years in the penitentiary. He appeals to this court from that conviction.

We reverse and remand for a new trial.

The defendant, on appeal, raises many issues. However, we will discuss only that issue upon which we base our decision. Further, since the facts are not in dispute, we will recite only those facts necessary for purposes of clarity.

The defendant raises the issue of his rights to a fair trial and due process of law. He argues that he was denied these basic rights because, among other things, the prosecution introduced incompetent evidence that the defendant had committed other crimes. This argument rests on the fact that although the defendant did not testify, the prosecution introduced testimony to the effect that the defendant was on parole at the time he was arrested for the crime in the case at bar.

The facts surrounding the introduction of the testimony in question are as follows: The defendant was arrested by a Chicago police undercover narcotics agent. The officer was working as part of a three-man team. The other two officers would follow the undercover officer to provide surveillance and presumably protection in the event of an emergency. At the time of his arrest, the defendant made several statements in the presence of the three officers which later became the basis of a pre-trial motion to suppress made by the defense counsel. At the hearing on this motion, one of the officers testified on cross-examination by defense counsel that at the time of his arrest the defendant told the officer, "You know, I am going to be in a lot more trouble because I am on parole for selling drugs."

After hearing all of the testimony, the motion to suppress was denied. However, prior to concluding the hearing the prosecutor, in colloquy with the court, requested a ruling on the propriety of placing certain admissions, including the testimony in question, before the jury. The court responded, "However, any reference to any kind of record by these police officers, if any, that this defendant had, would be highly inappropriate, and I think prejudicial to this defendant." The prosecution expressed their acquiescence, and the case proceeded to trial.

At trial, although the defendant did not testify, the following testimony was elicited by the prosecution from one of the arresting officers:

"Q. Do you recall what Mr. Pitts stated in relation to my last comment, Detective (naming officer)?

A. Yes, sir, I do.

Q. What would that be?

A. He said that he was in a lot of trouble and that he was on parole."

At this point, the court denied defense counsel's motion for a mistrial, struck the answer and instructed the jury to disregard it. At the close of the evidence, the trial judge denied the defendant's motion for new trial and motion for arrest of judgment, and the defendant was sentenced as previously described.

On appeal the State argues that any denial of due process that might be caused by the statements in question was prevented by the fact that the trial judge had the testimony struck from the record and instructed the jury to disregard it.

We note that the defendant brings this argument of incompetent evidence on the constitutional grounds of denial of fair trial and due process. While the general rules for the admission of such evidence have been couched in terms of relevancy and materiality within the framework of the adjective law of evidence and not upon the substantive law of constitutional rights, we are not precluded from considering the merits of the defendant's argument.

██ The general rule on the admission of "other crimes" evidence is that, upon a prosecution for a particular crime, evidence which shows or tends to show that the accused has committed another crime, independent of that for which he is on trial, is irrelevant and inadmissible. (*People v. Peto* (1967), 38 Ill.2d 45, 230 N.E.2d 236.) The rationale is that such evidence ordinarily does not tend to establish the commission by the accused of the offense charged, that the evidence must be confined to the point in issue and that the substance of one crime cannot be proved by the substance of the other. *People v. Donaldson* (1956), 8 Ill.2d 510, 134 N.E.2d 776; *People v. Meisner* (1924), 311 Ill. 40, 142 N.E. 482; *People v. Rivas* (1966), 5 Ill.2d 556, 126 N.E.2d 638.

This rationale was summed up in *People v. Gregory* (1961), 22 Ill.2d 601, 177 N.E.2d 120 when our Supreme Court commented at page 603: "Under our concepts of a fair and impartial trial, it is elementary that a defendant, no matter how reprehensible his crime or how black his history of past misdeeds, is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged. Accordingly, it is well settled that evidence of other offenses unrelated to the crime for which a defendant is on trial is incompetent."

While there are several well-defined exceptions to the general rule, the applicability of any such exception is not claimed here.

■ It is also well established that where the defendant chooses to testify, evidence of his prior convictions for "infamous crimes" which are defined by statute may be introduced in the manner prescribed by the statute for the purpose of determining his credibility. Ill. Rev. Stat. 1967, ch. 38, par. 155—1. *People v. Flynn* (1956), 8 Ill.2d 116, 133 N.E.2d 257.

■ In the case at bar, the defendant did not testify, and we are faced with the question of whether the testimony evidencing his conviction for previous crimes was sufficiently prejudicial to require reversal. The defendant's brief has cited several cases which we deem controlling. In *People v. Williams* (1966), 72 Ill.App.2d 96, 218 N.E.2d 771, the defendant was on trial for burglary and theft involving money taken from a priest in a Roman Catholic Church. One of the investigating officers testified concerning a report from which he had originally obtained the defendant's description: "This is another church burglary, in the same reference where the priest was attacked and accosted by George Williams."

Later the detective testified on redirect examination that he had previously seen the defendant "in pictures and his record, his police record." The detective's replies were stricken from the record by the trial court.

The Appellate Court in reversing the convictions said at page 102: "Defendant here did not take the witness stand and therefore the statements of the police officer were clearly prejudicial. Their only effect was to convey to the jury the impression that the defendant had criminal tendencies and was likely to commit a crime such as that for which he was being tried."

In *People v. Colston* (1967), 81 Ill.App.2d 75, 225 N.E.2d 801, a case very similar on its facts to the case at bar, the prosecution, during its case in chief, and, after an anticipatory objection by defense counsel had been overruled, elicited testimony from a police officer that he had obtained the defendant's address "from the Illinois State Parole Office." The court said at page 77: "The inferences to be drawn from this testimony are so patent as to be obviously prejudicial to defendant who did not testify, and who therefore did not open up the question of his prior criminal record as it would relate to his credibility as a witness. We consider this to be sufficient grounds for a reversal."

We agree that the same result must accrue in the instant case.

We wish to emphasize that we weigh heavily the somewhat obvious conduct of the prosecution to elicit inadmissible testimony in the presence of the jury, in spite of the warning to the contrary by the lower court at the pre-trial hearing.

The State argues that the conduct of the trial judge in striking the testimony and giving cautionary instruction to the jury distinguishes this case from the *Colston* case, *supra*, and was sufficient to nullify any prejudice that might reflect against the defendant. We do not agree. In *People v. LaGardo* (1967), 84 Ill.App.2d 410, 228 N.E.2d 241, the court at page 422 cited the case of *People v. Buckminster* (1916), 274 Ill. 435, 113 N.E. 713, wherein the Illinois Supreme Court in discussing the problem of an inadmissible confession of a co-defendant accomplice said: "The admission of improper testimony that would have a tendency to warp or prejudice the minds of the jury can hardly be considered harmless on this record. * * * It would be impossible to decide with certainty as to whether it would or not unconsciously affect the jury as to their verdict. If from the legal evidence admitted they had any doubt as to the guilt of plaintiff in error, the jury would not find it easy, or perhaps possible, to remove from their minds the impression produced by this confession." The court in *LaGardo* said of this reasoning: "The reasoning employed in *Buckminster* is squarely applicable to the adverse effects Dispenza's confession had upon the minds of the jurors in the instant case. Nor can it be argued that the proffered cautionary instruction on the subject cured the defect, as the prejudice, once wrought, cannot be eradicated."

As a result of the introduction of this evidence the court in *LaGardo* concluded that the defendant was not afforded a fair trial on the charges brought against him.

In *People v. Gregory*, 22 Ill.2d 601, where "prior crimes" evidence was admitted via a co-defendant's confession even though the defendant did not testify, the State argued that the trial court's cautionary instruction telling the jury to disregard such evidence cured any error. The Illinois Supreme Court did not agree. They said at page 605: "Because of this cautionary instruction the People now urge that any error committed was cured. We cannot agree that this is so. Once a jury is permitted to hear evidence strongly calculated to impress the minds of the jurors and create prejudice against the accused, the damage is done. Jurors are not robots but are humans with qualities common to all persons. As was pointed out in People v. White, 365 Ill. 499, 510, the individual's emotions are not destroyed when he becomes a juror, and neither is the power of memory or the function of thinking for one's self suspended when a person sits in a jury box. We conclude in this case that the error in admitting the evidence was not cured by the court's instruction."

We conclude that because evidence of prior crimes was admitted against the defendant in this case, he did not receive the fair and impartial trial to which he was entitled.

The judgment of the trial court· is reversed and the cause remanded for a new trial.

Reversed and remanded.

McNAMARA, P. J., and DEMPSEY, J., concur.