THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEVI SMITH, Defendant-Appellant.

First District (2nd Division)    No. 62328

Opinion filed August 24, 1976.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner and Matthew J. Beemsterboer, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Patrick W. O'Brien, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

A jury found defendant, Levi Smith, guilty of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2), and a sentence of from 5 to 15 years' imprisonment was imposed. On appeal, defendant presents only one issue for review in seeking a reversal of the judgment or, in the alternative, a reversal and remandment of the cause for a new trial. Defendant contends that he was deprived of a fair trial and that the trial court committed reversible error when it denied defendant's motion for a mistrial. The motion was made during the State's cross-examination of an alibi witness after the prosecutor referred to defendant's status at the time of the incident as a probationer.

Since the facts are not in dispute, we will recite only those facts which are necessary for purposes of clarity. The record establishes that on

January 8, 1974, at approximately 5:05 p.m., defendant and an accomplice perpetrated an armed robbery in the J&F Food Mart located at 1435 Roosevelt Road in Chicago. The victims of the armed robbery were the owner and an employee of the grocery store and a customer who entered the store as the culprits fled. This incident occurred over a period of 15 to 20 minutes in an area of the store which was well illuminated by overhead fluorescent fixtures and front window display lights. A description of the perpetrators was furnished to the police, and the owner of the store viewed photographs contained in a mug book and identified defendant as being one of the assailants. Thereafter, defendant was apprehended and was identified in a lineup by both the owner and the employee of the store who were victimized.

Although defendant chose not to testify, defendant called his mother and uncle as witnesses for the purpose of supplying an alibi defense. The alibi was that defendant was at home between 3 p.m. and approximately 8 p.m. on the date of the robbery, and thus, could not have participated in the armed robbery. During cross-examination of defendant's mother, it was revealed that she had gone to the J&F Food Mart on February 13, 1974, where she identified herself to the owner as defendant's mother and inquired whether the owner was positive in his identification of defendant. She denied offering any money to the owner, but she admitted asking the owner how much money had been taken in the robbery. The following testimony was then elicited by the prosecution:

"Q. Well, now, directing your attention to February 14th at about three-thirty p.m., which is the following day, did you have occasion to go to the J&F Food Mart?

THE WITNESS: Yes.

Q. And at that time you again identified yourself to [the store owner] as Lucinda Smith, [defendant's] mother?

A. Yes.

Q. At that time did you ask him if he had agreed to take back the money and not testify?

A. No.

Q. At that time did you tell him that [defendant] was on probation and that you—

[DEFENSE COUNSEL]: Objection.

THE COURT: Objection sustained.

[DEFENSE COUNSEL]: If the Court please, I certainly would like to be heard now. I want to make a motion on the record."

Defense counsel then made a motion for a mistrial, arguing that the prosecutor's reference to defendant's status as a probationer was prejudicial to defendant. The motion was denied. The trial court reasoned that "despite the fact that it brings out something about him

being on probation, it does give credence to the story that he was there and the fact that she would go there in order to pay him because he is already on probation." However, the court cautioned the prosecutor not to divulge the offense for which defendant was on probation.

The examination continued, and defendant's mother denied approaching the owner at the preliminary hearing to renew her request that the owner accept reimbursement of his losses in exchange for his agreement to not testify against defendant.

In rebuttal, the prosecution recalled the store owner who testified that defendant's mother came to his store on two occasions after defendant's arrest and attempted to reimburse him for the money that was taken during the robbery. During her first visit to the store, defendant's mother inquired regarding the amount of money which was taken from the customer who entered the store as the assailants were fleeing, and she requested the witness to determine if the customer was amenable to accepting restitution of his losses. On the following day, defendant's mother returned to the store, whereupon the witness told her that he did not desire money and that he had been unsuccessful in contacting the other victim. Defendant's mother explained that one of her sons had been killed and that she did not know what was wrong with defendant, but he was constantly in trouble. She also related that defendant was on probation which would soon expire. Defendant's objection to this revelation was denied. The witness further testified that he was again approached by defendant's mother at the preliminary hearing at which time she inquired if the witness had changed his mind about accepting money. Cross-examination revealed that defendant's mother told the witness that she was the mother of the boy who robbed him, and she asked the witness to accept money from her rather than appear in court against defendant.

Defendant does not challenge the verdict, but relies solely upon the contention that he was deprived of a fair trial by the introduction into evidence of his status as a probationer. Defendant maintains that he is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged. It is argued that the inferences the jury could draw from the fact that defendant was already on probation were highly prejudicial to him. No argument is raised with respect to the State's evidence that defendant's mother sought to bribe prosecution witnesses.

The State responds that it was proper for it to reveal the probation status of defendant since this fact provided the motive which prompted defendant's mother to attempt to bribe two of the victims of the armed robbery.

■■ It is well settled that evidence of other offenses which are

unrelated to the crime for which an accused is on trial is incompetent (*People v. Gregory*, 22 Ill. 2d 601, 177 N.E.2d 120), unless the accused chooses to testify thus opening up the question of his prior criminal record as it would relate to his credibility as a witness. *People v. Colston*, 81 Ill. App. 2d 75, 225 N.E.2d 801.

In the instant case, defendant did not testify. Although it was proper for the trial court in its discretion to permit the prosecution to cross-examine an alibi witness regarding that witness' attempt to bribe other witnesses (*People v. Teague*, 66 Ill. App. 2d 338, 214 N.E.2d 522), reference was improperly made by the prosecutor while laying the foundation for impeaching this defense witness of the fact that defendant was on probation. When reference to this fact was also made by a rebuttal witness called by the State, it was error for the trial court to overrule defendant's objection to this testimony. Under the circumstances of this case, no evidence of defendant's probation should have been presented to the jury, even for the limited purpose of impeachment.

■■ We are mindful of the numerous cases which hold such error to be reversible error, even when a cautionary instruction was given to the jury to disregard such testimony. (*E.g., People v. Pitts*, 1 Ill. App. 3d 120, 273 N.E.2d 664.) But we cannot overlook the overwhelming evidence of defendant's guilt which is contained in the record. Two victims of the robbery, who had an opportunity to view their assailants under good lighting conditions for a period in excess of 15 minutes, each identified defendant at a lineup and at trial as one of the two perpetrators of this armed robbery. Moreover, the owner of the store recalled being threatened by defendant several months prior to the robbery, a threat defendant referred to as he relieved the owner of his valuables on January 8, 1974. And although defendant presented two alibi witnesses, the credibility of one of these witnesses was severely shaken by the impeaching evidence introduced by the State. If, as a result of this impeaching evidence, the jury chose to discredit the testimony of defendant's mother, the entire alibi would fall. Consequently, even if the evidence complained of had not been introduced, the jury would not have been justified in acquitting defendant of the charge brought against him; defendant was proven guilty far beyond a reasonable doubt. "It is not our policy to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error." *People v. Armstrong*, 22 Ill. 2d 420, 424, 176 N.E.2d 755, 757.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING and JIGANTI, JJ., concur.