THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MOSES GOODWIN, Defendant-Appellant.

Third District   No. 77-438

Opinion filed March 26, 1979.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the defendant, Moses Goodwin, was found guilty of the offense of armed violence and sentenced by the Circuit Court of Will County to a term of from 1 to 3 years.

Robert Keeffer, a Will County deputy sheriff, testified that he also worked as a security guard at J.C. Penney's in Joliet. On January 3, 1977,

at about 1 p.m., he observed the defendant enter the men's department at Penney's. As he continued to watch the defendant, he saw the defendant remove a pair of pants from the clothing rack and place them under his coat and sweater. As Keeffer moved to a different position to observe the defendant, he looked away from the defendant for several seconds, a period of time that would have been long enough for the defendant to return the pants to the rack. After a few minutes, Keeffer approached the defendant and told him he was under arrest, identifying himself as a security guard and a deputy sheriff. However, he did not attempt to remove the pants from under the defendant's coat. Keeffer began walking the defendant toward the security office, holding the defendant's left arm. The defendant pulled a knife with his right hand and threatened to "cut" Keeffer. Later, on cross-examination, Keeffer was asked to open the knife using only one hand, and Keeffer admitted that it was impossible to do so. Keeffer pushed himself away from the defendant who then ran out of the store. Keeffer followed the defendant outside and chased him for several blocks. During the chase, Keeffer drew his weapon and fired a warning shot into the air after he had called to the defendant that he would be shot if he did not stop. Keeffer cornered the defendant in a lot between two buildings. He held his gun on the defendant and ordered him to throw away the knife. The defendant asked Keeffer to let him go, saying that he did not want to go back to prison and holding the knife to his own throat.

The defendant moved for a mistrial on the grounds that Keeffer's testimony had brought up the defendant's criminal record and was therefore inadmissible and prejudicial. The court denied the motion for a mistrial and also refused to strike the testimony and admonish the jury to disregard it.

Keeffer went on to testify that the defendant threw the knife on a nearby roof after Keeffer ordered him to throw it away. Keeffer identified the defendant, as well as the knife and jeans, in court.

The defendant presented one witness, Russell Vaillancourt, an employee of Penney's. Vaillancourt testified that on January 3, 1977, he was working in the men's department. He was alerted to a scuffle in a nearby aisle and saw the defendant shove Keeffer, using both hands. Vaillancourt did not see a knife in the defendant's hands. As the defendant left the store, he passed within five feet of Vaillancourt. At this time, Vaillancourt again saw no knife in the defendant's hand. On this appeal the defendant contends the trial court erred in denying defendant's motion for a mistrial and in refusing to strike testimony of a State witness where such testimony, which was without any evidentiary value, indicated to the jury that the defendant had previously been in prison.

During the course of his direct testimony, Officer Keeffer was asked

by the State's Attorney what the defendant did when cornered after the chase. Keeffer responded, "* * * [H]e asked me to let him go, he did not want to go back to prison again." The defendant's motion for a mistrial, to strike the testimony and to have the jury admonished to disregard the testimony, was denied.

As observed in *People v. Gregory*, 22 Ill. 2d 601, 603, 177 N.E.2d 120, 122:

> "Under our concepts of a fair and impartial criminal trial, it is elementary that a defendant * * * is entitled to have his guilt or innocence determined solely with reference to the crime charged. Accordingly, it is well settled that evidence of other offenses unrelated to the crime for which a defendant is on trial is incompetent."

The State neither disputes the general rule regarding the inadmissability of reference to other offenses nor denies that the officer's response does inform the jury of the defendant's prior criminal conduct.

The State in seeking to support the propriety of the officer's response insists first, the defendant should have sought to exclude the objected to statements by a motion *in limine*; second, the words being the alleged words of the defendant made them proper and third, the reference was inadvertent.

We are unaware of any authority, and the State has not called any to our attention, which requires a party to file a motion *in limine* as a condition precedent to objecting to evidence at trial. Even were there such a requirement, it would be inapplicable to the facts of this case since the officer's initial report indicated the defendant said only that he did not want to go to prison. Such a remark of course did not include any reference to prior criminal conduct.

Nor do we believe the response of the officer can be justified by characterizing it as inadvertent. While inadvertence may together with other circumstances tend to explain the occurrence of some improper testimony, its effect is only to remove the onus of deliberate misconduct and not to eliminate the impropriety of the testimony. In *People v. Curry*, 25 Ill. App. 3d 637, 323 N.E.2d 778, the court held improper references to criminal conduct volunteered by an experienced police officer. Even though the officer's response was volunteered and not responsive to the question asked, it is not clear that his remarks were inadvertent and that the officer's testimony may have been specifically intended to bring out the fact of prior imprisonment by the witness.

Again, in seeking to show the remarks of the officer were proper the State suggests that because they were in the words of the defendant they became relevant and competent. We find no support for this assertion. On the contrary, *People v. Pitts*, 1 Ill. App. 3d 120, 273 N.E.2d 664, and

*People v. Gregory*, 22 Ill. 2d 601, 177 N.E.2d 120, do involve the words of the defendant, but yet were held improperly admitted. In *Pitts* the officer testified that defendant had said he would be in a lot of trouble because he was on parole for selling drugs. In *Gregory* the references were included in the defendant's confession.

The question remains whether the improper reference to prior criminal conduct was of such a nature that the defendant was denied a fair trial. We believe he was and the error requires a new trial under the standard of *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

The armed violence offense was based on the incident which took place in the store. The gist of the charge is that the defendant with an open knife, attempted to injure the officer. Whether the defendant actually displayed a knife, either open or closed, was a disputed issue. As indicated in the facts earlier, another store employee testifying on behalf of defendant, indicated he saw no knife in contradiction of the officer's testimony.

In suggesting that the evidence of guilt is overwhelming, the major point made by the State in its brief is the implausible story of the defendant. Since the defendant did not testify, the characterization of his account as implausible offers little support to the State's argument. From this record we are unable to say that the officer's improper reference to prior criminal misconduct could not or did not effect the jury's resolution of the issues.

For the foregoing reasons the judgment of the circuit court of Will County is reversed and remanded for further proceedings consistent with the views expressed.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.