THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SANTIAGO THILLET, *et al.*, Defendants-Appellants.

Third District   No. 78-390

Opinion filed August 25, 1981.

440

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Russell H. Boothe, of Chicago, for appellants.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, Gaye A. Bergschneider, Martin N. Ashley, and Kenneth Wilhelm, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendants Santiago Thillet and Americo Nieves appeal from their convictions and sentences for the crime of unlawful delivery of more than 15 grams of a substance containing heroin.

Defendants were charged by indictment with delivering more than 15 grams of a substance containing heroin to Joseph Andalina on January 10, 1978. A third defendant, Jose Rivera, was charged in the same indictment with aiding and abetting Thillet and Nieves in the delivery to Andalina; however, a mistrial was declared as to Rivera when the jury was unable to agree upon a verdict, and he is not involved in this appeal. At the jury trial of the three co-defendants, Andalina testified that he was an undercover narcotic agent with the Metropolitan Area Narcotics Squad and that he had arranged with someone named Joe to purchase two ounces of heroin on January 10, 1978. On that day he met Thillet and Nieves in a parking lot, and Nieves handed him two plastic bags containing a brown substance. One was a two-ounce bag and the other was

smaller, being identified as "what was short from the last bag." Andalina gave Thillet $1,400 in marked currency. Later that same day Andalina identified the brown substance as heroin by a field test, determined that the two packages weighed about 63 grams, and locked both bags in his evidence drawer where they remained until January 23, 1978, when he marked the bags and delivered them to the Joliet Crime Laboratory.

Other officers corroborated various aspects of Officer Andalina's account of the transaction, and persons from the crime lab recounted the chain of possession and the results of tests of the substances. The substances were identified as containing heroin.

The defense called a chemist who had also tested the substance and who stated that in his opinion the substances contained cocaine, not heroin, and then the defense rested. The State called a rebuttal witness who challenged the validity of the defense tests. After extensive deliberations, the jury returned verdicts of guilty as to Thillet and Nieves, and reached no verdict as to Rivera. At the subsequent sentencing hearing, Thillet was sentenced to an indeterminate term of 5 to 10 years in prison, and Nieves, having chosen to be sentenced under the new law, was given a term of 30 years in prison. Both defendants have appealed, claiming that an improper reference to other crimes denied them a fair trial. In addition, defendant Nieves argues that his sentence was excessive.

The reference to other crimes occurred during the State's redirect examination of Officer Andalina. Defense counsel had on cross-examination elicited the fact that the bags Andalina purchased on January 10 had been held in an evidence drawer at the police station until January 23 before they were taken to the crime lab. Defense counsel then asked Officer Andalina if he had a reason why the evidence was left in the drawer rather than being transported to the lab, and Andalina said, "Yes, sir." Counsel then changed the subject. On redirect examination, the prosecutor referred to the defense question, and then asked Andalina what that reason was. He replied that there were numerous reasons, and then stated: "The first reason, that I had an impending deal coming up within the next few days with these people." After defendants objected and moved for a mistrial, the court denied the motion, sustained the objection, and instructed the jury that the last question and answer were stricken, were not evidence in the case, and were to be completely disregarded. The officer was again asked to give his reasons for waiting 13 days to deliver the substance to the crime lab. This time he gave three reasons: that he had "some other work to do" as a narcotic's agent, that he had some court commitments the following week, and on the 18th he had a medical emergency in his immediate family that required his presence at the hospital.

Defendants contend that the officer's original reference to "an im-

pending deal * * * with these people" was improper evidence of other crimes which was not relevant except to establish defendants' propensity to commit crimes and which therefore was reversible error. Defendants cite numerous cases which have held that evidence of other crimes is highly prejudicial and reversible error, but all the cases cited involved trials where the reference to other crimes was admitted into evidence over defense objections. (*E.g., People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238; *People v. Goodwin* (1979), 69 Ill. App. 3d 347, 387 N.E.2d 433.) All of defendants' cases are distinguishable from the case before us because here the court sustained the objection and admonished the jury to disregard the question and answer.

■■ We also note that defendants opened the door to the question of the officer's reason for holding the evidence as a part of extensive cross-examination concerning the chain of possession of the bags. The State's attempt to eradicate the seeds of doubt was thus invited by the defense. Furthermore, we believe the statement that the officer had a "deal" coming up with "these people" was somewhat ambiguous and not a clear reference to other crimes. Considering all the circumstances here, we are not persuaded that the statement as to another deal was so prejudicial as to require a mistrial. We conclude that any error was cured by the court's ruling and admonishment. See *People v. Cristy* (1976), 43 Ill. App. 3d 1004, 358 N.E.2d 8.

■■ Defendant Nieves also contends that the trial court abused its discretion when it imposed a 30-year sentence on him. He argues that the sentence indicates a desire for vengeance without regard to his potential for rehabilitation and that the excessiveness is evident when his sentence is compared with the 5- to 10-year sentence given his codefendant. We disagree. Thillet's presentence report discloses one prior conviction, a 1975 drug offense, for which he received probation. Nieves' previous record begins with a burglary conviction in 1957 and includes a long series of felony convictions, including a parole violation in 1976. Nieves' past history indicates that he is a chronic offender with little potential for rehabilitation. On that basis alone, we believe the disparate sentence was justified.

■■■ In addition to the issues already considered, defendant Nieves has filed a motion to add an additional issue which was taken with the case. The motion questions whether the sentences imposed on July 31, 1978, upon defendant in this case and in a separate drug case were invalid because defendant was allowed to proceed *pro se* without being admonished as to his right to counsel. We have considered this motion in a companion case filed this same day, and have concluded that the issue was waived since it was not raised in a timely fashion, and even if not waived, that defendant's contention is without merit. We therefore adopt

the applicable portion of our opinion in *People v. Nieves* (1981), 99 Ill. App. 3d 443, as to the motion to add an additional issue.

For the reasons stated, we affirm the convictions and sentences of both defendants.

Affirmed.

ALLOY and STOUDER, JJ., concur.