THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMERICO NIEVES, Defendant-Appellant.

Third District    No. 78-379

Opinion filed August 25, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Russell H. Boothe, of Chicago, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, Martin N. Ashley, and Christopher S. Carroll, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant Americo Nieves was indicted, tried and convicted in the circuit court of Will County for unlawful delivery of less than 15 grams of a substance containing heroin, and was sentenced to 10 years in prison.

He has appealed from that conviction and from two other convictions involving heroin deliveries, and we allowed defendant's motion to consolidate the three cases in this court for oral argument. See *People v. Thillet* (1981), 99 Ill. App. 3d 439, and *People v. Nieves* (1981), 99 Ill. App. 3d 447.

At defendant's jury trial, Officer Joseph Andalina, an undercover narcotics agent, testified for the State that on December 16, 1977, he received a telephone call from defendant, who agreed to sell one ounce of heroin to Andalina for $800. Andalina met defendant later that same day in a parking lot as prearranged; defendant gave him three plastic bags; Andalina paid the $800; and the two men discussed future drug deals. A subsequent field test indicated that the substances in the bags contained heroin. After discovering that defendant had provided less than one ounce of heroin, Andalina called defendant and told him the bag was short. Defendant said he would check with his "connection" and get back to him. The State called other witnesses who corroborated Andalina's account, including a chemist from the Joliet Crime Lab who identified the substance as containing heroin.

After the case was submitted to the jury, the jury sent a note to the judge quoting the "admission" instructions: "You have before you evidence that defendant made an admission of fact relating to the crime charged in the indictment." The jury then asked, "When was the admission made and to whom?" After discussing the message with counsel, the trial court sent the jury the following response: "You must decide the case

based upon the instructions you have received, the evidence which you heard."

The jury returned a guilty verdict, and defendant was sentenced to 10 years imprisonment, with credit for the 200 days served. Defendant has perfected this appeal, contending that the court erred when it refused to answer the jury's question concerning admissions. We affirm.

During the instruction conference, defense counsel objected to the giving of Illinois Pattern Jury Instruction, Criminal, No. 3.06 (1968) on the ground that there was no evidence of admissions by defendant. The State argued that Andalina's testimony as to his conversations with defendant about future drug deals, and defendant's statement that he would check with his connection about the "short" bag, constituted incriminatory admissions. The trial judge agreed, and the instruction was given. Defendant does not challenge the propriety of the giving of the instruction, but instead argues that it was reversible error to refuse to clarify the admissions instruction. He relies upon *People v. Morris* (1980), 81 Ill. App. 3d 288, 401 N.E.2d 284, where the jury sent the trial judge a note asking whether a person who possessed stolen property can be presumed guilty of burglary without having himself illegally entered the building or removed the property. In that case no accountability instruction had been given. The trial judge refused to answer the question, advising the jury to decide the case on the instructions as given. The reviewing court reversed, noting that the court should clarify a question where the jury raises an explicit question on a point of law over which there is doubt or confusion.

■■ We have no quarrel with the holding in *People v. Morris*, but we think it inapplicable to the case before us. In *Morris* the jury asked a question demonstrating confusion as to the law to be applied. A failure to clarify that confusion could well result in an erroneous verdict. In the case at bar, the jury's question was one of fact. In addition to the sentence quoted above, the admissions instruction explicitly said:

"It is for you to determine whether the defendant made the admission, and if so, what weight should be given to the admission."

Since the jury's question, in effect, asked the court to decide whether or not an admission was made, the court quite properly refused to answer. (*People v. Hooker* (1977), 54 Ill. App. 3d 53, 369 N.E.2d 137.) Actually this case presents a situation where any answer other than the one given, would have been error. (*People v. Charles* (1977), 46 Ill. App. 3d 485, 360 N.E.2d 1214.) We hold that the refusal to provide additional commentary upon fact questions was a proper exercise of the trial court's discretion.

■■ After all briefs were filed in this appeal, defendant filed a motion to add an additional issue, and this court has directed that the motion be taken with the case. In this motion, defendant contends that the record

does not indicate that he was properly admonished as to his right to counsel at his sentencing hearing when he appeared *pro se*. The rule in Illinois is that points not raised in initial briefs are waived and may not be raised subsequently. (*United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) Consequently, we find that defendant waived this issue, and the motion is denied.

Even if the issue were not waived, we would decline to vacate defendant's sentence on the ground asserted in the motion. The record indicates that the sentencing hearing in this cause was held on July 31, 1978. At the same time, defendants Nieves and Santiago Thillet were also sentenced for their convictions arising out of a separate drug transaction with Officer Andalina on a different day than the transaction involved in this case. (See our opinion filed this date, *People v. Thillet* (1981), 99 Ill. App. 3d 439, 425 N.E.2d 558.) Also pending was another drug charge against Nieves and Thillet which had not yet been tried. In the latter case, on June 26, 1978, defendant Nieves asked the court to allow him to proceed *pro se*, and the court gave the admonishments required by law. After being admonished, defendant stated that he wanted to represent himself on all cases, including the sentencing in this case, which was expressly identified by the circuit court docket number W78—C—33. The record further indicates that on the date of the sentencing hearing herein, defendant reminded the court that he wanted to represent himself in all cases, including this one.

■■ On the basis of the record, and considering that defendant is obviously experienced and knowledgeable in criminal law and procedure, we would conclude that defendant was not denied his right to counsel and that the trial court did not err in proceeding with this sentencing hearing without additional admonishments.

For the reasons, we affirm the conviction and sentence herein.

Affirmed.

ALLOY and STOUDER, JJ., concur.