THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AMERICO NIEVES, Defendant-Appellant.

Third District    No. 78-490

Opinion filed August 25, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Russell H. Boothe, of Chicago, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant Americo Nieves appeals from his conviction in the circuit court of Will County for the offense of the unlawful delivery of more than 15 grams of a substance containing heroin for which he was sentenced to 30 years in prison. The charge arose out of a drug sale by defendant to an undercover narcotics officer, Joseph Andalina, on January 13, 1978. According to the officer, he tape recorded a telephone conversation with defendant on January 12 which related to arranging a purchase of five to eight ounces of heroin. He also tape recorded a conversation with defendant at noon on the following day, January 13, during which they agreed to delivery the same day at 3 p.m. About 4:30 p.m. that day defendant arrived in the parking lot, as arranged, and delivered several plastic bags containing a brown powder. Andalina paid defendant $1,300 in marked currency. Other officers arrested defendant at the scene and recovered an additional 99.5 grams of heroin in bags hidden near a garbage can.

The tape recording of the telephone conversations between Andalina

and defendant were admitted into evidence and played to the jury. The tapes had previously been the subject of a motion to suppress which was denied. On appeal defendant contends that the tapes should have been suppressed, and we agree.

At the hearing on the motion to suppress the State stipulated to the facts contained in the first five paragraphs of the motion to suppress, which were as follows:

"1. That the Illinois Revised Statutes, Chapter 38, Section 108 A—7(b) states that immediately after the expiration of the period of an Order allowing eavesdropping all recordings shall be made available to the Judge issuing the order.

2. That the Order issued by Judge Robert Buchar on January 12, 1978 allowed eavesdropping from that date until January 22, 1978.

3. That the recordings made pursuant to said order were not *immediately* made available to Judge Buchar and in fact were not reviewed by him until February 8, 1978.

4. That the passage of 16 days from the termination of the date of the order of January 12, 1978 is a period of time of such duration as to fall outside of the immediacy requirement of Chapter 38, Section 108 A—7(b).

5. That the order entered January 12, 1978 by Judge Robert Buchar was improperly granted and that it contains no specific statements as to whether or not the use shall automatically terminate when the described conversations have been first obtained as is required under Chapter 38, Section 108 A—5(a)(3)."

The State having stipulated that it failed to comply with the immediacy requirement of the eavesdropping statute, we must conclude that admission of the recording into evidence was error. The State argues that defendant was not prejudiced by the delay, and that may well be. However, we have previously held that the use of eavesdropping devices by law enforcement officials to obtain evidence of criminal activity becomes lawful only when the legislatively mandated procedures for the use of such devices have been fully met. "We, therefore, agree with the argument of the defendant that a failure to comply with the required procedures, including the return provisions, renders the use of the device unlawful." *People v. Evans* (1979), 78 Ill. App. 3d 996, 999, 398 N.E.2d 326, 329.

We accordingly reverse defendant's conviction and remand to the circuit court of Will County for a new trial.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.