(No. 36254.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES ARMSTRONG, Plaintiff in Error.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and LAWRENCE I. GENESEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

James Armstrong, hereinafter called defendant, was indicted for the crime of statutory rape of his stepdaughter, Betty Jean Cobbs, age 14. A jury in the criminal court of Cook County convicted him and fixed his punishment at imprisonment for a term of fifty years.

The defendant contends on writ of error that the State's attorney committed deliberate prejudicial error when he interrogated a witness in relation to the defendant having committed other sex offenses with other girls, and that the court erred when it overruled defendant's motion to strike testimony about other girls having been involved with the defendant. The State contends that prior contradictory statements to show interest and bias of a witness and for the purpose of impeachment may always be proved to enable the jury to evaluate the credibility of the witness.

The complaining witness testified that at the time the defendant had acts of intercourse with her she was 14 years old. She further testified that she had become pregnant

as a result of one of the acts, and that when she learned she was pregnant, she told her mother and her school teacher, Mrs. DeLeo.

Mrs. DeLeo, a school teacher at the Spaulding School for Crippled Children, stated that on March 5 and again on March 24, 1959, the complaining witness told her about intercourse she had the night before with her stepfather. Mrs. DeLeo further testified that she had a conversation with the complaining witness' mother, Mrs. Louise Armstrong, on March 6, 1959, following the March 5 incident.

Mrs. Louise Armstrong, testifying for the defendant, stated that the complaining witness never mentioned the defendant's name as having had intercourse with her. She further testified that in February, 1959, she talked with the complaining witness in the presence of the defendant and his mother, at which time the complaining witness stated that it was a blind boy at school, Willie, who made her pregnant. On cross-examination, she testified that she did not discuss with Mrs. DeLeo and a Mrs. Miller, another school teacher, the fact that her daughter had made a complaint about her husband. On cross-examination of Mrs. Armstrong, part of the testimony is as follows:

"Q. Did you not also tell them, when they told you about the fact that your husband had been doing this to your daughter, that he had done something similar to his own daughter and to a neighbor girl?

"A. No."

There was no objection to the above question. Mrs. DeLeo was again called as a rebuttal witness, apparently to impeach Mrs. Louise Armstrong, and the testimony is:

"Q. Was there anything said about any other girls at that time?

"A. Yes."

To a defense objection the court said:

"Objection sustained. I just sustained that. It is the same objection."

Over further objections, Mrs. DeLeo testified that at the first meeting with Mrs. Miller and herself, Mrs. Armstrong talked about the two other children who had been involved with her husband and stated that one was a neighbor child who was visiting over night. A defense motion to strike all such testimony was denied. Whereupon the defense made a motion for a mistrial, which motion was denied.

It is the testimony hereinabove referred to that the defense claims was deliberate prejudicial error committed by the prosecutor. The defendant cites many Illinois cases as authority for the rule that a person may be convicted only with reference to the crime with which he is charged, and proof of other unrelated offenses or acts of misconduct is both incompetent and prejudicial, requiring reversal of a conviction. However, in the case of *People* v. *Greeley*, 14 Ill.2d 428, cited by defendant, it was held permissible to consider the prior sexual relations between defendant and the complainant to establish familiarity. All the cases cited by the defendant contain a factual situation in which the State offered proof of unrelated offenses or acts of misconduct as a part of the State's evidence on direct examination, but none of said cases concern the factual situation where the State is attempting to impeach a witness for the defense. Under the situation here present, Mrs. Armstrong had previously testified under cross-examination, without objection, that she had no conversation with Mrs. DeLeo or Mrs. Miller about her daughter, his own daughter or a neighbor girl.

Considering the fact that the defense witness, Mrs. Armstrong, is the wife of the defendant, and that her testimony tended to corroborate the testimony of the defendant, who testified and denied guilt, it was undoubtedly proper for the State, within the bounds of evidentiary rules, to lay the foundation to impeach Mrs. Armstrong by inquiring on cross-examination into her conversations with Mrs. DeLeo

and Mrs. Miller, and to thereafter recall Mrs. DeLeo to the stand to perfect such impeachment. It is generally understood that testimony offered solely for the purpose of impeachment is not subject to the objection that it was hearsay. Such evidence is not admitted as proof of the truth of the facts stated out of court, but to cast doubt on the testimony of the witness by showing his inconsistency. (*People* v. *Moses,* 11 Ill.2d 84.) Proving previous contradictory statements or acts is a generally accepted method of impeaching a witness. This defendant concedes, but contends that it is prejudicial error in a trial for statutory rape to show that the defendant had sex relations with other children at other times and places even though said evidence is offered solely for impeachment of a witness. The precise question to be decided is whether or not the trial judge committed prejudicial error by overruling the objections to that part of the purported conversation involving "other girls."

After full consideration, we are of the opinion that this evidence should not have been admitted, even for the limited purpose for which it was offered. The evidence would not have been competent as direct evidence of defendant's guilt, and we can not approve of the State doing indirectly that which could not have been done directly. However, the error in admitting this evidence is not such as to require reversal. It is not our policy to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error. (*People* v. *Tranowski,* 20 Ill.2d 11; *People* v. *Cavanaugh,* 13 Ill.2d 491; *People* v. *Kirkwood,* 17 Ill.2d 23.) The evidence in the present case shows, beyond a reasonable doubt, that defendant was guilty of the offense charged in the indictment. Under these circumstances, the error complained of does not require reversal. (*People* v. *Pelkola,* 19 Ill.2d 156.) The judgment of conviction is therefore affirmed.

*Judgment affirmed.*