(No. 39742.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES ARMSTRONG, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

RICHARD C. BLELOCH, of Chicago, appointed by the
court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and HOWARD LEVINE, Assistant State's Attorneys, of
counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

On December 30, 1959, a jury in the circuit court of
Cook County found the defendant, James Armstrong, guilty
of the statutory rape of his step-daughter, and fixed his
punishment at imprisonment for a term of 50 years. The
judgment entered on the verdict was affirmed on writ of
error. 22 Ill.2d 420.

On November 20, 1964, the defendant filed a post-
conviction petition which charged that his conviction was
secured by "the knowing and wilful use of testimony that
was self-serving and perjured." The petition was dismissed
upon the State's motion, and the defendant has appealed.

Excerpts from the testimony of the prosecuting witness at the preliminary hearing which was held on March 30, 1959, and from her testimony at the trial on December 29, 1959, were attached to the defendant's post-conviction petition. The claim of knowing use of perjured testimony is based upon discrepancies in her testimony upon these two occasions. The first discrepancy relates to the testimonial capacity of the 14-year-old prosecuting witness. At the preliminary hearing she stated that if she "died telling lies" she "wouldn't go to heaven," while at the trial she testified that people who do not tell the truth "get into trouble." The second discrepancy is that she testified at the preliminary hearing that the defendant had intercourse with her on March 25, 1959, while at the trial she testified that the last time "this happened" was on March 23, 1959. At the trial she was asked whether the dates to which she then testified were the same as those to which she had testified at the preliminary hearing, and she answered, "I think so."

The discrepancies relied upon by the defendant do not suggest perjury, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.