THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL M. PULLUM, Defendant-Appellant.

(No. 56203;

First District (4th Division)—March 14, 1973.

Gerald W. Getty, Public Defender, of Chicago, (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Carl M. Pullum, was indicted on charges of armed robbery and possession of marijuana. After a trial by jury, he was convicted on both charges and sentenced to the penitentiary for seven to fifteen years on the armed robbery charge and two to five years for possession of marijuana.

On appeal, defendant contends that (1) the conviction based on the unconstitutional marijuana statute should be reversed; (2) since the armed robbery charge was tried together with the marijuana charge, the armed robbery conviction should also be reversed; (3) statements made by the defendant were erroneously admitted into evidence, and (4) the improper closing argument of the prosecutor deprived defendant of a fair trial.

The evidence on behalf of the State shows that on September 4, 1970, at about 2:00 P.M., the defendant came to the door of Lucy Pendleton's apartment. Defendant was holding a gun. He directed Mrs. Pendleton to "shut up and back up or I'll blow your brains out." Defendant then entered the living room where Melinda Pendleton, Lucy Pendleton's sister-in-law, was sitting. He took Lucy and Melinda Pendleton into the bedroom and tied them up. Then he took some money and the keys to a white Cadillac belonging to Melinda Pendleton. At about this time, Willie Pendleton, Lucy Pendleton's husband, entered the back door. The defendant pointed a gun at him and led him into the bedroom. He had all three victims go into a closet. When the defendant left the apartment, Melinda and Willie Pendleton went to the window and saw Melinda Pendleton's car pulling away.

At approximately 2:00 A.M. on September 20, 1970, Chicago Police Officers Stimage and Green saw a 1970 Cadillac go through a red light. They stopped the car. Officer Stimage asked the defendant, who was driving the car, to see his license. As the defendant began looking through a pouch he was carrying, Officer Stimage asked him whose car he was driving. The defendant replied that it was his grandmother's car, but that he did not have the papers to prove it. Officer Green made a license check on the car via radio and was informed that the car was stolen.

Officer Stimage then placed the defendant under arrest and searched him. The officers found five packages of marijuana in the defendant's pouch.

Later that morning, a line-up was held at the Damen Avenue Police Station. Melinda Pendleton identified the defendant from a line-up of seven or eight men as the man who had robbed her.

The defendant, age 22, testified on his own behalf. He stated that on September 4, 1970, he was in Harrisburg, Pennsylvania, looking for a job. He said that one Edward Radcliff drove him to Pennsylvania and back to Chicago. The defendant testified that Radcliff was in Pennsylvania at the time of the trial. The defendant stated that on the day of his arrest, he borrowed the 1970 Cadillac from a man named Leslie at his girlfriend's house. He said he borrowed the car to go to his grandmother's house. His father was ill and his grandmother was going to tell the defendant how to contact him. The defendant admitted telling the police that the auto belonged to his grandmother.

Prior to trial, defense counsel told the court that he had advised the defendant to seek a continuance so that counsel would have more time to secure certain witnesses in order to prepare an alibi defense, but that the defendant was insistent in his demand to be tried immediately.

■■ The State agrees that the conviction based on a violation of the Narcotic Drug Act, ch. 38, Ill. Rev. Stat. 1969, par. 22—3, should be reversed. Subsequent to defendant's conviction, the Illinois Supreme Court held that the classification of marijuana under the Narcotic Drug Act was arbitrary and deprived the accused of the equal protection of the law. *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407; *People v. Hudson*, 50 Ill.2d 1, 276 N.E.2d 345; *cert. den.* 405 U.S. 965. The marijuana conviction is therefore reversed.

Defendant next contends that it was error to try the defendant on both the marijuana and robbery charges at the same time. He argues that denial of his motion to sever the marijuana charge deprived him of a fair and impartial trial on the robbery charge. We are not in accord.

■ Section 111—4(a) of the Code of Criminal Procedure, ch. 38, Ill. Rev. Stat. 1969, par. 111—4(a), provides:

> "Joinder of Offenses and Defendants. (a) Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction."

In the case at bar, defendant's possession of marijuana was discovered

at the time he was stopped in the stolen vehicle. Thus, the two offenses were "part of the same comprehensive transaction."

■■ Even if the joinder of the two offenses for trial had been error, however, it would have been harmless error. As stated in *People v. Armstrong*, 22 Ill.2d 420, 424, 176 N.E.2d 755, 757, "It is not our policy to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error." (See also *People v. Helm*, 40 Ill.2d 39, 47, 237 N.E.2d 433, 437.) In the instant case, the evidence presented against the defendant on the armed robbery charge was so overwhelming that any error in the trial court's refusal to sever the marijuana charge for trial cannot be regarded as so prejudicial as to require reversal.

*People v. Wylie*, 2 Ill.App.3d 720, 277 N.E.2d 346 and *People v. Fleming*, 121 Ill.App.2d 97, 257 N.E.2d 271, both cited by the defendant, are inapplicable on the facts to the case at bar. In *Wylie*, the court reversed a conviction for sale of narcotics because it was tried with a charge of possession of marijuana. The court in *Fleming* held that it was error to try a charge of auto theft together with a charge arising from the resale of the same automobile some eight months after the theft of the car.

■■■ Defendant next complains that certain statements made by him to the arresting officers were erroneously admitted into evidence in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436. We do not agree. Defendant's statement that the car he was driving belonged to his grandmother was made prior to his arrest, and before he was in custody. *Miranda* warnings are not necessary where, as here, the police are conducting general on-the-scene questioning as to the facts surrounding a crime. (*People v. Parks*, 48 Ill.2d 232, 269 N.E.2d 484; *cert. den.* 404 U.S. 1020.) Nor was it necessary to hold a hearing on the voluntariness of the statements complained of under the circumstances presented here.

■■ The defendant also argues that these statements should not have been admitted because in response to a discovery motion made by defendant, the State's answer included the following assertion: "Statements: None." The record reveals that the only reference to oral statements contained in the motion for discovery was point four which states: "4. Production and copy of any oral statements that the defendant may have made that may have been reduced to writing." There were no oral statements made by the defendant that had been reduced to writing.

■■ Finally, defendant claims that the closing argument by the prosecutor deprived him of a fair trial. He argues that the prosecutor should not have been allowed to refer to the failure of the defense to produce certain

witnesses. We find no merit to this contention. Where, as here, the defendant injects into the case the names of people who presumably would support his theory of the case, the prosecutor may comment on the failure of the defense to produce those people as witnesses. *People v. Garnett,* 113 Ill.App.2d 159, 167, 251 N.E.2d 761, 764-5; *People v. Williams,* 40 Ill.2d 522, 528-30, 240 N.E.2d 645, 649-50; *cert. den.* 393 U.S. 1123.

For the foregoing reasons, the judgment of conviction on the marijuana charge is reversed and the judgment of conviction on the armed robbery charge is affirmed.

Affirmed in part and reversed in part.

ADESKO and DIERINGER, JJ., concur.