(No. 45763.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. CARL M. PULLUM, Appellant.

*Opinion filed March 29, 1974.*

16

James J. Doherty, Public Defender, of Chicago (Bernard L. Schwartz, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Carl M. Pullum, was indicted on charges of armed robbery and possession of marijuana. He was tried before a jury in the circuit court of Cook County, and convicted on both charges. He was sentenced to the penitentiary for 7 to 15 years for armed robbery, and to 2 to 5 years for possession of marijuana. His case was heard on direct appeal by the appellate court (10 Ill. App. 3d 745); it affirmed the conviction and sentence for armed robbery and reversed the marijuana conviction on the authority of *People v. McCabe* (1971), 49 Ill.2d 338. We granted leave to appeal.

On September 4, 1970, an armed robbery was committed at the apartment of Willie and Lucy Pendleton. Also present was Melinda Pendleton, a sister-in-law. Lucy answered the apartment door and was met by a man holding a gun. This man was later identified by all three Pendletons as the defendant, by photograph, by lineup, and by in-court identification. The defendant put all three victims in a closet while he went through the rooms of the apartment. He took, among other things, the keys to

Melinda Pendleton's 1970 Cadillac, and was seen by the Pendletons driving it away.

On September 20, 1970, 16 days later, at about 2:00 A.M., the defendant, while driving a 1970 Cadillac, was stopped by two police officers for running a red light. When asked for his driver's license, he replied that he did not have one. He first told the police that the car belonged to his grandmother. He also stated that the car had been loaned to him by a person named Leslie, so that he might go to see his father who was ill, and that on September 4, 1970, he had been in Harrisburg, Pennsylvania, looking for a job. The police, by radio, requested a license check on the car, and were later informed that it was stolen. They then arrested the defendant and a passenger in the car. A search of a pouch, or purse, carried by the defendant, revealed five manila envelopes, containing what was later shown to be marijuana.

All parties agree that the marijuana conviction must be reversed in light of *People v. McCabe*. The principal remaining question is whether the trial of the two charges together constituted prejudicial error, regardless of the subsequent reversal of the marijuana conviction.

The defense made timely motions for severance wherein it was asserted that the marijuana charge was unconstitutional, that it was a wholly unrelated charge, and that a jury hearing the robbery charge would be prejudiced by evidence relating to the marijuana charge. The defense motions for severance were denied and the defendant was compelled to submit to trial for the armed-robbery and possession-of-marijuana charges at the same time.

Section 111—4(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 111—4(a)) provides:

> "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on

2 or more acts which are part of the same comprehensive transaction."

Here the defendant was confronted with wholly unrelated charges. The crimes charged occurred 16 days apart, were wholly dissimilar, and contained no common elements. The only thread of continuity between the two offenses is that the defendant was in possession of marijuana and the 1970 Cadillac at the time of his arrest. The record does not indicate that the possession of marijuana at the time of the arrest for armed robbery was in any way connected with the armed robbery.

We do not find, as did the appellate court, that the marijuana charge and armed-robbery charge are a part of the same comprehensive transaction, and we hold that the failure to grant the motion to sever constituted reversible error.

The other point raised by the defendant is the admissibility of statements made by him. He argues that the admission of such statements was error and violated his rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The appellate court considered only the defendant's statement that the car belonged to his grandmother, which was made prior to his arrest and before he was in custody. *Miranda* warnings were not necessary with reference to interrogation concerning the defendant's driver's license, ownership of the car, or running of a red light. *People v. Parks* (1971), 48 Ill.2d 232, 237.

Other statements of the defendant were wrongfully admitted into evidence against him, but those statements related to the marijuana charge and on retrial will be inadmissible as irrelevant, so we will not consider the *Miranda* decision as it relates to those statements.

Inasmuch as we hold that the defendant should have been granted a severance of the robbery and narcotics charges, the case is remanded to the circuit court of Cook County for a new trial on the charge of armed robbery.

*Reversed and remanded.*