THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH PLUM, Defendant-Appellant.

First District (4th Division)   No. 63072

Opinion filed December 22, 1976.—Rehearing denied January 13, 1977.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Neil H. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Joseph Plum was charged with battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) and convicted after a jury trial. He was sentenced to 2 years probation with the first 6 months to be served in the House of Correction.

The record reveals that on the evening of March 9, 1975, the defendant was arrested at the Loading Zone Bar. Lieutenant Manley, one of the arresting officers, explained the events surrounding the arrest and testified that the defendant resisted and had to be restrained because he impeded the officers' attempts to search his person. After subduing and searching the defendant, Lieutenant Manley picked the defendant up, carried him to the sidewalk, and laid him on the street. The parties stipulated that the force used by Lieutenant Manley to arrest the defendant was legally justifiable.

When the squadrol arrived, Plum was taken to the 16th District Station where he disembarked from the vehicle unassisted and unrestrained. At this point, Plum was taken into the interrogation room, read his rights, permitted to make a phone call, and locked in a cell. Shortly thereafter, certain records were received and officers in the interrogation room attempted to fingerprint the defendant. Plum refused to cooperate so the officers physically removed him from his cell and forced him to walk to the fingerprinting table. When one of the officers took the defendant's hands to begin the fingerprinting process, Plum dropped his head and bit the officer on his right forearm. Following the incident, the officers fingerprinted Plum and returned him to his cell. According to one officer, it was at this point that Plum started bumping his head against the wall so the officer, on orders from the watch commander, entered the cell and handcuffed the defendant.

The defendant relates that he was arrested, but explains that upon

arriving at the police station, he was dragged out of the squadrol by his handcuffs, taken into the police station, and ordered to empty his pockets. As he stood at the lockup desk, the squadrol officers hit him repeatedly and when he was fingerprinted other officers hit him. The defendant does not deny that he bit the officer, but he testified that this event occurred when he was returned to his cell following fingerprinting.

Dr. Tulley was called as a witness for Plum and he testified that his examination revealed multiple bruises and contusions, along with swelling on the lower left lip and a bruise on the right forearm. In addition, there was swelling over the dorsal of the defendant's right hand and abrasion-like scrape marks covered his chest. On cross-examination, the doctor testified that Plum's wounds were inconsistent with being self-inflicted or with being restrained. In the doctor's opinion, the defendant's injuries were not caused by banging his head on the desk or wall but were probably caused by blows to the face.

After the State and the defense rested, the court held an instructions conference. The People tendered the following non-IPI instruction:

> " * * * [N]either side is required to call as a witness all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events or to produce all objects or documents mentioned or suggested by the evidence."

The instruction was objected to by defense counsel on the grounds that Illinois law permits a jury to draw reasonable inferences from the State's failure to call occurrence witnesses (the squadrol officers who allegedly beat Plum). The People made no response to the objection and the court denied the instruction. At a later point in the conference, the People re-tendered the non-IPI instruction and, after an objection by the defense and argument by counsel for both sides, the court reversed its ruling and accepted the instruction. Before the court delivered its instructions, defense counsel renewed his objection which was again denied by the court. The instructions, including the non-IPI instruction, were read to the jury and the defendant was found guilty of battery.

The defendant argues that he was prejudiced by the State's non-IPI instruction which recited that neither side had to call all possible witnesses because defense counsel was foreclosed from arguing to the jury the negative inferences that can be drawn from the absence of witnesses. The defendant submits that the State's instruction effectively removed the issue of the witnesses' absence from the jury's consideration because once the jury was told the State did not have to call all witnesses, the jury had no basis for placing significance on the witnesses' absence. The State maintains that the non-IPI instruction is consistent with the guidelines set

down in Supreme Court Rule 451 (Ill. Rev. Stat. 1973, ch. 110A, par. 451), which provides in pertinent part:

> "Whenever IPI-Criminal does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial, and free from argument."

Finally, the State argues that its instruction did not prejudice the defendant and represented an accurate statement of the law.

■■ The function of instructions is to convey to the jurors the correct principles of law applicable to the facts so that the jury can arrive at a correct conclusion according to the law and evidence. (*People v. Anthony* (1975), 30 Ill. App. 3d 464, 467, 334 N.E.2d 208.) Where the evidence is conflicting, it is even more important, for a proper consideration of the facts, that the jury be properly instructed. Here, the defendant complains because the non-IPI instruction recited that neither side was required to call as witnesses all persons present at events raised by the evidence. While the law is clear that the People need not call all witnesses to a crime (*People v. Dillon* (1975), 28 Ill. App. 3d 11, 22, 327 N.E.2d 225; *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 235, 260 N.E.2d 234) and may accept the risk of the unexplained absence of a witness by proving it by other evidence, an accused, nevertheless, has the right to comment on the unexplained absence of a State witness. (*People v. Scott* (1967), 38 Ill. 2d 302, 306, 231 N.E.2d 441; *People v. Dismuke* (1972), 3 Ill. App. 3d 553, 559, 278 N.E.2d 152.) Conversely, the State has a right to comment on the defendant's failure to call witnesses whose testimony could support its theory of the case. (*People v. Pullum* (1973), 10 Ill. App. 3d 745, 750, 295 N.E.2d 315, *rev'd on other grounds* (1974), 57 Ill. 2d 15, 309 N.E.2d 565.) We think that the non-IPI instruction misstated the applicable law because the jury was not told that negative inferences could be drawn against the State by the absence of a witness. Generally, the absence of a witness is a proper subject for comment in argument. The IPI-Criminal, unlike the IPI-Civil, has no instruction on this subject. IPI 2d Civil No. 5.01 covers the failure to produce evidence or a witness. The Committee Comment states:

> "The failure of a party to produce testimony or physical evidence within his control creates a presumption that the evidence if produced would have been adverse to him. *Beery v. Breed*, 311 Ill. App. 469, 474-478, 36 N.E.2d 591,* * *."

Therefore, we hold that the giving of this instruction was error since counsel has the right to comment on the failure of his opponent to produce certain witnesses and the non-IPI instruction was not free from argument as required by Supreme Court Rule 451.

It has been brought to our attention that the defendant has served the sentence; therefore, the case will not be remanded.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and STAMOS, JJ., concur.