THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. DANIELS, Defendant-Appellant.

Second District   No. 78-5

Opinion filed September 12, 1979.

NASH, J., dissenting.

Mary Robinson, Mark Heyrman, and David S. Morris, all of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, III, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant herein was charged by information with the theft of a motor vehicle and possession of an altered credit card. He was tried by a jury, found not guilty of possession of an altered credit card but guilty of theft of over $150 and was sentenced to a term of 3 years 4 months to 10 years in the penitentiary to be served consecutively to a Federal sentence he is serving in Kentucky.

The defendant has raised two issues: (1) whether the trial court erred in trying the defendant on the two charges after having previously granted his motions for severance, and (2) whether he was denied the effective assistance of counsel.

Evidence for the prosecution reveals that on December 5, 1975, the defendant went to a used car dealer in Merrillville, Indiana, stating that he wanted to buy a car to go to Florida. He was shown a number of cars, including a 1971 Chevrolet Camaro. The keys to the used cars in the parking lot were placed above the visors of the various cars during the day and kept on a marked board in the office at night. When the board was checked the next morning, the keys were missing and so was the Camaro. Two witnesses from the Merrillville auto dealership testified that they conversed with the defendant, one for a period of 10 minutes and the other for a period of a half hour. He was identified by both witnesses at the trial. Four days later a Roselle, Illinois, police officer observed the defendant driving the 1971 Camaro, which was missing a front license plate. The officer checked the license and found that it had been issued to a 1973 Lincoln registered in Schaumburg, Illinois. At the time of his arrest the defendant had a Shell credit card, issued in the name of Glenn H. Rogers. This credit card was identified by Rogers' former wife, whose signature was on the back thereof. The expiration date had been removed from the card. The defendant told the officer that the license belonged to his sister and that the car belonged to his girlfriend and later he told Roselle police officers the same story. At the police station, however, the defendant said that he had bought the car for $900 from someone in Chicago and denied that he knew that the car was stolen. At the trial the

defendant testified in his own behalf that he had traded his 1961 Dodge Charger to his girlfriend Monique Geridy's brother Pete for the 1971 Camaro and $900. He testified that he had paid Pete Geridy $200 in cash and had agreed to pay the remaining $700 when he received the title. Neither Monique Geridy nor her brother Pete testified. Testimony from the auto dealer was that the motor vehicle had a retail value of approximately $3000.

In this appeal the defendant has not questioned the sufficiency of the evidence and, indeed, the evidence of his guilt is overwhelming.

While the defendant was arrested on December 9, 1975, he was not tried until August 23, 1977. The explanation for this is that on June 20, 1976, he was released on bail and in September 1976 was arrested in Kentucky for violating the National Motor Vehicle Transportation Act. On January 13, 1977, he was sentenced by the Federal court to 4 years, which he is presently serving in the Ashland Federal Penitentiary in Kentucky with a mandatory release date of January 11, 1980. He was returned to Illinois for this trial and, as indicated above, the sentence imposed is to be served consecutively to the expiration of the Federal sentence.

Defendant is no stranger to the legal process, having been convicted 13 times of various and sundry criminal offenses, both felonies and misdemeanors. After he had been charged by information on January 14, 1976, defendant, on January 28, 1976, filed a pro se motion for discovery. Subsequently, he filed a pro se motion for severance of offenses, a pro se motion for reduction of bail, a pro se motion for removal of the trial to Indiana where the car was stolen and, finally, filed a pro se notice of appeal. In addition to that, he argued his motion for severance, his motion for bail reduction and also argued his post-trial motion. On February 20, 1976, the defendant's motion for severance was granted. The order apparently was lost and on August 12, 1976, the assistant State's Attorney advised the court that a written order granting the severance had never been placed in the file. Defendant's attorney then requested the motion for severance be re-examined, and on that date the two counts of the information were ordered severed and the trial date was set for September 22, 1976. The defendant failed to appear on that date as apparently he was in the custody of the Kentucky authorities. Defendant was not returned to Illinois until approximately one year later, in August 1977. The same attorney who represented the defendant on the motion for severance in August 1976 represented the defendant at the trial in August 1977. Apparently the attorney had forgotten that the severance had been granted and proceeded to trial on the two charges. It is to be noted that the record discloses that the defendant was in chambers when he was advised by the trial judge that he was going to be tried on the two charges against him, namely the theft of the motor vehicle and the

possession of the altered credit card. He was also present when the assistant State's Attorney made his opening statement in which he advised the jury that he would prove the defendant guilty of these two charges. He was also present when the trial judge advised the jury that the defendant was being tried on the two charges in question. Additionally, the defendant was present during the *voir dire* examination when the two charges were discussed with the 21 prospective jurors. No objection was made to any of this until the State had presented several of its witnesses. At this juncture the defendant raised the question of the severance motions, one made by himself and one made by his attorney. It is also to be noted that the defendant never advised defense counsel of the severance which he himself had obtained until the trial had proceeded for a considerable time. The court found the pro se motion made by the defendant but was unable to find the motion made by defendant's counsel in August 1976. The court admonished the defendant that he had known all about this during the trial but waited until the evidence was substantially presented before he finally raised the issue. The court thereupon found that he had waived this issue.

■■ There is no question that the two severance orders were entered, one 18 months prior to trial and one 12 months prior to trial. There is also no question but that defense counsel failed to find the same in his examination of the file and that the defendant knowingly sat idly by during the presentation of the major portion of this trial without objection. Only after substantial evidence had been presented did he raise the issue as to the severance. We feel that this case can easily be distinguished from the ordinary trial of a defendant unversed in the law. In the case before us the defendant himself made a motion to sever, along with numerous other pretrial motions. He can scarcely be said to be taken by surprise when the trial proceeded after numerous advises to him that he was being tried on the two charges and then wait until the evidence has been presented before he raised the issue. Under the facts of this case we do not feel that the defendant should profit by his own actions. On appeal, counsel for the defendant contends that defendant was prejudiced by the admission of the evidence of the altered credit card, as well as evidence pertaining to his possession of a Texaco credit card not his own. Defense counsel also argues that the possession of the altered credit card and the theft of the motor vehicle are unrelated. This may well be, but we do not find that the defendant was prejudiced by the introduction of evidence pertaining to the altered credit card, as the jury found him not guilty of that offense. Defendant argues that the jury would consider the second offense in finding him guilty of the theft of the motor vehicle. As the jury found him not guilty of the credit card offense, as a

practical matter we fail to find any prejudice in the introduction of the evidence in question under the facts in this case.

■■ Defendant also contends that he was denied the effective assistance of counsel. We do not agree. Defense counsel was in error in not recalling the severance motion and the granting thereof a year before the trial while the defendant was incarcerated in the Federal penitentiary. This, of course, was error but, as we have indicated, the motions were not found in the file and some confusion thereto was evidenced at the time the issue was raised by the defendant. Defense counsel presented various motions, was accepted by the defendant, who, after questioning, evidenced that he was satisfied with defense counsel and, with the exception of the severance motion, defense counsel properly represented the defendant to the best of his ability in our opinion. As we have indicated, the evidence against the defendant was overwhelming. He was identified by the used car personnel as having been present on the night before the car was missing and was found in possession of the same four days later. The jury obviously did not believe defendant's conflicting stories, nor does defense counsel contend that the evidence was not sufficient for finding the defendant guilty beyond a reasonable doubt of the theft of the motor vehicle. We therefore affirm.

Affirmed.

SEIDENFELD, J., concurs.

Mr. JUSTICE NASH, dissenting:
I respectfully dissent. Defendant was tried before a jury on a two-count information for the unrelated offenses of theft of an automobile and possession of an altered credit card. Count I charged that defendant exercised unauthorized control over the automobile which was the property of Broadway Dodge, Inc., and count II charged he possessed an altered Shell credit card with intent to defraud Shell Oil Company, Inc. The only relationship between these charges was that defendant was alleged to be in possession of both the car and credit card on December 9, 1975, when he was arrested. Under the evidence presented in trial it is clear there was no common ownership or other relationship between the car and the credit card.

On two occasions before trial, at defendant's request, the trial court correctly severed these charges; if it had denied those motions that error would have clearly required reversal. (*People v. Pullum* (1974), 57 Ill. 2d 15, 309 N.E.2d 565.) At trial, however, the public defender representing defendant failed to notice that these charges had been severed and, without objection on behalf of his client, permitted the trial to commence.

The first two witnesses called by the State testified regarding the theft charge and the third witness, who was the arresting officer, also identified People's Exhibits 4 and 5 as Shell and Texaco credit cards found in defendant's possession at that time. Although defendant's attorney still had made no objection, defendant then informed him of the severance and he then sought a mistrial. On being asked by the trial court why he hadn't advised it of the severance before trial defendant responded he did not realize the charges were being tried together until the officer testified to the credit cards.

The trial court denied defendant's motion for mistrial, and the trial continued with two further witnesses being called who testified regarding the Shell credit card, stating it had been stolen by unknown parties.

In its brief the State relies entirely upon *People v. Clark* (1976), 41 Ill. App. 3d 419, 354 N.E.2d 134, to supports its argument defendant waived his right to be tried separately on these charges. It must be distinguished, however, as there defendant made no motion to sever at all. The majority cite no authority in support of the waiver rule announced herein, but seem to hold that a defendant may not rely upon either his own attorney or the previous orders of the court in such matters but must personally and at proper time reassert his right to severance or he waives it. I do not agree with that apparent conclusion.

It seems to me defendant received ineffective assistance of counsel as his attorney should have known by examining the information that the offenses had been misjoined and should have also ascertained that the severance had been earlier granted (in fact severance had been granted while defendant was represented by the public defender), and then should have asserted defendant's right to have the separate offenses tried separately. (See *People v. Harter* (1972), 4 Ill. App. 3d 772, 775-76, 282 N.E.2d 10, 13.) As a result of these oversights three witnesses testified in trial to the separate offense contrary to the elementary concept that defendant is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged. (*People v. Gregory* (1961), 22 Ill. 2d 601, 603, 177 N.E.2d 120, 122.) Nor do I think the prejudicial impact of the evidence of the second offense can be disregarded because the jury did not also convict defendant of that offense. The State there produced evidence defendant, when arrested for car theft, had in his possession two credit cards issued to another person which had been stolen. Although insufficient evidence was presented to persuade the jury defendant was guilty of the offense in count II, it had that testimony before it when it considered the separate offense charged in count I, and that may not properly be disregarded as harmless in these circumstances.

I would reverse and remand for a new trial.