THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EMMETT ROGERS, JR., *et al.*, Defendants-Appellants.
First District (3rd Division)   Nos. 78-740, 78-1686 cons.

Opinion filed December 26, 1979.

.  Luther Franklin Spence, of Chicago, for appellant Emmett Rogers, Jr.

Ralph Ruebner and Susan Bandes, both of State Appellate Defender's Office, of Chicago, for appellant Henry Goshay.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Kevin W. Horan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:
A jury found defendants Henry Goshay and Emmett Rogers, Jr.,

guilty of armed robbery and burglary. The trial court vacated the burglary verdicts and sentenced defendants on the armed robbery count. Goshay was sentenced to 10 to 30 years; Rogers was sentenced to 5 to 10 years. A third defendant, Cynthia Jackson, was tried, convicted and sentenced *in absentia* to 12 to 30 years for the same crime. (She challenges her sentence, and on this same date we are disposing of her appeal by Rule 23 order.)

Defendants Goshay and Rogers contend on appeal that the trial court improperly excluded the preliminary hearing testimony of Jackson from evidence at trial, and that in the alternative the court erred in not severing their case from that of Jackson. Because of the nature of their arguments, the facts of the crime may be set forth briefly.

John Davis, the victim and Jackson's cousin, testified that on March 4, 1977, at about 1 p.m., Jackson telephoned and asked if she could come to his home. She arrived at about 1:30 p.m., and shortly thereafter, Goshay and Rogers entered with drawn revolvers. Davis was forced to disrobe, and was bound and gagged. The trio ransacked the home, threatened to kill Davis if he did not surrender his money, and beat him several times. During the robbery, a silent burglar alarm was set off.

Police officers answered the alarm, found the home in disarray, and Davis bound and gagged. Goshay and Jackson told the police they had just found Davis in the same condition and were trying to help him. The officers discovered Rogers hiding under a bed. They also recovered two revolvers.

Rogers testified that Goshay and he drove Jackson to the Davis home. When she did not come out in 30 minutes, they went to see if she was alright. Davis was in his underclothes, and Jackson's blouse was open. A fight ensued, and Davis struck Rogers. When Rogers heard the police at the door, he ran upstairs in fear and hid under the bed.

Goshay and Rogers initially contend that the trial court erred in excluding the preliminary hearing testimony of Jackson who voluntarily absented herself from trial. No one challenges the fact that her absence was voluntary. To understand the issue presented by defendants, the circumstances of Jackson's absence and of the hearing on her availability must be set forth.

On February 2, 1978, selection of a jury commenced. On February 6, while the jury was being selected, the trial court was advised that Jackson needed medical treatment. She waived her right to be present during the selection of the jury and was excused. Goshay also was excused to escort her to the doctor. Selection of the jury was completed, and the cause was continued to February 8.

On February 8, Jackson's counsel informed the court that Jackson required a three-day hospitalization and requested a continuance.

Counsel stated that Jackson was trying to enter County Hospital. After a recess, it was ascertained that she was not at the hospital. The trial court forfeited the bond, issued a warrant and continued the case to February 9. On February 9, defense counsel informed the court he had talked to Jackson and that she was trying to be admitted to Roseland Hospital. She could not be located at the hospital, and the cause was continued to February 10. On February 10, Jackson again did not appear and defense counsel stated his attempt to telephone her was unsuccessful. Jackson's counsel's request for a continuance was denied. The trial court found her absence to be voluntary and ordered the trial to proceed.

During the prosecution's case-in-chief, counsel for defendants requested that Jackson's preliminary hearing testimony be read to the jury. At that hearing, Jackson had testified that Davis made sexual advances to her and opened her blouse. When Goshay and Rogers entered the home, she told them what Davis had done and a fight ensued. They had to subdue Davis and were untying him when the police arrived.

In opposing the introduction of Jackson's preliminary hearing testimony, the State argued that, despite her absence from trial, Jackson had not waived her fifth amendment privilege not to testify at trial. It also maintained that defendants had to demonstrate diligence and a good faith effort to secure Jackson's attendance. The trial court then conducted a hearing on defendants' diligence.

At the hearing, Goshay testified that, on February 6, 1978, he accompanied Jackson to the doctor's office. They then returned to Goshay's home. Goshay last saw her on February 7 when he left his home for court. On February 8 he telephoned Jackson's aunt but did not reach Jackson. Neighborhood friends were of no assistance in contacting her, and he made no further attempts to locate her.

Counsel for Goshay and Jackson testified that he spoke with Jackson on the telephone three times on February 8. He attempted to contact her by telephone on February 9 and 10, but did not try on February 11. He made a total of eight to 10 telephone calls in attempting to contact her.

A prosecutor testified as to the State's efforts to locate Jackson, but without objection by the defense, the court struck the testimony of the prosecutor. The court ruled that only the diligence of the defense was in issue. At the conclusion of the hearing, the court held that defendants had not shown due diligence nor a good faith effort regarding Jackson's unavailability. Her preliminary examination testimony was not admitted into evidence.

■■ ▌ Preliminary hearing testimony of a witness is admissible in evidence at trial upon a showing of a witness' death or *bona fide* unavailability. (*People v. Horton* (1976), 65 Ill. 2d 413, 358 N.E.2d 1121.) To show that a witness is unavailable, the party seeking to introduce the prior

testimony has the burden of proving that the steps taken to secure the presence of the missing witness at trial were made in good faith and with due diligence. (*People v. Brown* (1977), 47 Ill. App. 3d 616, 365 N.E.2d 15; *People v. Payne* (1975), 30 Ill. App. 3d 624, 332 N.E.2d 745.) Whether good faith and reasonable diligence have been exercised by the party seeking to introduce the prior testimony is determined after careful review of the facts and circumstances in each particular case. *People v. Niebes* (1979), 69 Ill. App. 3d 381, 387 N.E.2d 800; *People v. Burton* (1972), 6 Ill. App. 3d 879, 286 N.E.2d 792.

■ In the present case, the sum total of defendants' efforts to secure Jackson's presence consisted of eight to ten telephone calls to her. Three calls resulted in conversation with her; the record does not demonstrate the results of the other calls. Under the circumstances of the case, the mere failure to successfully contact a missing witness by telephone falls far short of a demonstration of due diligence in attempting to locate the witness. Clearly, some efforts other than telephone communication should have been employed to secure Jackson's presence. The trial court correctly found that defendants had not shown diligence or made a good faith effort to obtain Jackson's appearance. In view of the propriety of that ruling, it is unnecessary for us to consider the State's additional argument that Jackson did not waive her privilege to remain silent at trial. The trial court properly excluded Jackson's preliminary hearing testimony.

Defendants next contend that the trial court erred in not granting a severance of their cases from Jackson's case.

■■■ Defendants, however, made no motion for a severance. Ordinarily a failure to move for severance prior to trial forecloses any claim of prejudice on appeal resulting from a joint trial. (*People v. Clark* (1976), 41 Ill. App. 3d 419, 354 N.E.2d 134.) Defendants point to a colloquy between Goshay's and Jackson's counsel with the court at the conclusion of the State's case and suggest that it amounted to a request for a severance. Counsel only mentioned the possibility of a conflict of interest between Goshay and Jackson, and at no time requested a severance. In any event, the granting of a severance rests within the sound discretion of the trial court (*People v. Hoover* (1976), 35 Ill. App. 3d 799, 342 N.E.2d 795), and the court did not abuse its discretion in not *sua sponte* granting a severance.

For the reasons stated, the judgments of the circuit court of Cook County against defendants Goshay and Rogers are affirmed.

Judgments affirmed.

McGILLICUDDY and RIZZI, JJ., concur.