THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY D. JAMERSON, Defendant-Appellant.

Fourth District   No. 4—86—0382

Opinion filed January 29, 1987.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Defendant was tried by a jury and convicted of the offense of burglary of an automobile. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a).) Defendant appeals his conviction for this offense.

The following evidence was adduced at trial. Officer James Spires was dispatched to investigate a burglary in progress at a Champaign parking lot in the early morning hours of December 23, 1985. Defendant, who matched the description of the prowler, was standing next to the car which was burglarized. He started to walk away but stopped when the officer called out his name. Another man was walking across the lot about 20 to 30 feet away. The passenger window of the car was shattered, and the radio knobs were missing. Officer Spires found several knobs and two buttons on the ground 15 feet from the

car. Defendant's coat was missing two buttons, and the knobs appeared to fit the car radio. Two cassette tapes discovered in defendant's pocket were later identified as belonging to the automobile owner. Defendant denied breaking into the car. He claimed to have seen two other men in the area and to have found the tapes on the ground. Defendant testified that he picked them up for safekeeping and to return to the owner.

Defense counsel tendered both paragraphs of the Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981) (hereinafter IPI Criminal 2d). The full instruction provides:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of [(the) (a)] defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.
>
> You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

The committee comments state that the second paragraph of the instruction may be given when the proof of guilt is entirely circumstantial. The trial court refused to give the second paragraph of IPI Criminal 2d No. 3.02 stating that defendant's possession of the fruits of the burglary constituted direct evidence of the crime.

Defendant's only argument on appeal is that the trial court's refusal of the circumstantial-evidence instruction (IPI Criminal 2d No. 3.02) constituted reversible error.

In *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, the supreme court held that the second paragraph of the circumstantial-evidence instruction (IPI Criminal 2d No. 3.02) should no longer be used. In so holding, the supreme court stated:

> "The use of an additional instruction setting out the 'reasonable theory of innocence' charge may, \*\*\*, confuse the jury. The language in the 'reasonable theory' instruction suggests that a unique standard governs cases in which the evidence of guilt is entirely circumstantial, that the burden of proof in those cases is different in some fundamental respect.
>
> \*\*\* Thus, no purpose is served by preserving here, for this category of cases, an instruction that is at once obscure and misleading. We conclude, then, that the second paragraph of IPI Criminal No. 3.02 should no longer be used." *People v. Bryant* (1986), 113 Ill. 2d 497, 511-12, 499 N.E.2d 413, 419-20.

Defendant notes that he was tried and convicted prior to the date of the supreme court's opinion in *Bryant,* and argues that the court's holding regarding the second paragraph of the circumstantial-evidence instruction (IPI Criminal 2d No. 3.02) should not be retroactively applied against him. Thus, the only question left for us to resolve in the instant appeal is whether the supreme court's holding in *Bryant,* that the second paragraph of IPI Criminal 2d No. 3.02 should not be given, should be given prospective or retrospective application.

As the supreme court stated in *Bryant,* the second paragraph of IPI Criminal 2d No. 3.02 is obscure and misleading. The supreme court's reasoning and conclusions in this regard are equally applicable in the instant case.

▪▪ The function of jury instructions is to convey to the jurors the correct principles of law applicable to the facts so that the jury can arrive at a correct conclusion according to the law and the evidence. (*People v. Plum* (1976), 44 Ill. App. 3d 922, 358 N.E.2d 1235.) In considering the adequacy of instructions, a reviewing court must take all of the instructions as a unit to ascertain if they fully and fairly cover the law. (*People v. St. Pierre* (1975), 25 Ill. App. 3d 644, 324 N.E.2d 226.) The instructions which were given to the jury in this case accurately stated the relevant law to be applied, which is precisely what a defendant is entitled to. *People v. Plum* (1976), 44 Ill. App. 3d 922, 358 N.E.2d 1235; *People v. St. Pierre* (1975), 25 Ill. App. 3d 644, 324 N.E.2d 226.

Furthermore, if we were to reverse and remand the instant case for a trial *de novo,* the second paragraph of the circumstantial evidence instruction (IPI Criminal 2d No. 3.02) would not be given at the new trial in accordance with *Bryant.* We believe that it would be absurd to reverse a case due to an alleged error regarding the jury instructions and remand the case for a new trial where the identical set of instructions would be given.

For the foregoing reasons, we conclude that the supreme court's holding in *Bryant,* which states that the second paragraph of the instruction on circumstantial evidence (IPI Criminal 2d No. 3.02) should no longer be used, should be given retrospective application. Consequently, we affirm defendant's conviction.

Affirmed.

McCULLOUGH and LUND, JJ., concur.